IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Justin Hames, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 7:21-cv-716-TMC |
| ) | |
| O'Reilly Automotive Stores, Inc., ) | **ORDER** |
| *d/b/a O'Reilly Auto Parts*, and John ) | |
| Hiltgen, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

On March 12, 2021, Plaintiff Justin Hames brought this action against Defendants, asserting claims for discrimination and retaliation in violation of Title VII and a claim for defamation in violation of state law. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Two months later, Plaintiff's attorney, claiming that Plaintiff had "not maintained sufficient communication" or "cooperated sufficiently to enable [counsel] to discharge his obligations in discovery," filed a motion to be relieved as counsel. (ECF No. 20). Plaintiff was served with the motion but did not respond. *See id*. at 1. On June 22, 2021, the magistrate judge granted counsel's motion to withdraw, (ECF No. 23), and entered a proper form order advising Plaintiff that he was proceeding *pro se* and detailing his various obligations to the court during the litigation, (ECF No. 27). The magistrate judge's order directed Plaintiff to consult the District of South Carolina's *Pro Se* Guide, which informs self-represented litigants that dismissal

of the case may result from a failure to respond to discovery. *Id*. at 1.[1] The magistrate judge's order also warned Plaintiff that the failure to inform the court of any changes to his mailing address in writing could likewise serve as grounds for dismissing his case. *Id*. at 2.

Prior to the withdrawal of Plaintiff's attorney, Defendants propounded written discovery requests to Plaintiff. (ECF No. 29 at 1). The responses to these discovery requests were due on or before May 31, 2021. *Id*. Following entry of the magistrate judge's order granting counsel's motion to withdraw, Defendants made a number of attempts to contact Plaintiff and obtain his discovery responses. On August 27, 2021, Defendants sent a copy of the previously served discovery to Plaintiff via Certified U.S. Mail at the address on file with the court, warning Plaintiff that the responses were past due and extending additional time for Plaintiff to comply. (ECF No. 29-2 at 31). Delivery of the certified correspondence was attempted on August 27, 2021, but Plaintiff did not accept delivery. *Id*. at 33–34. On September 22, 2021, Defendants sent Plaintiff a second letter via U.S. Priority Express Mail enclosing a copy of the overdue discovery requests and granting Plaintiff another extension of time to respond. *Id*. at 36–37. The record reflects that the second letter was delivered to Plaintiff's address on file with the court. *Id*. at 38. Finally, on September 30, 2021, Defendants attempted to contact Plaintiff via two personal email addresses he provided to Defendants with his employment application. *Id*. at 40. According to Defendants, Plaintiff has not responded in any way.

On October 18, 2021, Defendants filed the instant motion to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 29).[2] On December 29, 2021, the magistrate judge issued a Report and Recommendation ("Report"), recommending the court dismiss the case

---

[1] The Pro Se Guide can be found on the homepage for the District of South Carolina. *See Information on Representing Yourself in a Civil Action (Non-Prisoner)*, United States District Court for the District of South Carolina, http://www.scd.uscourts.gov/DOCS/PROSE.pdf (last visited April 18, 2022).

[2] Alternatively, Defendants seek an order compelling Plaintiff to respond to the discovery requests. (ECF No. 29).

for failure to prosecute and to comply with court orders pursuant to Rule 41(b).  (ECF No. 34 at 4).  Plaintiff was advised of his right to file objections to the Report.  (ECF No. 34-1).  Plaintiff filed no objections, and the time to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  Nevertheless, "[t]he district court is only required to review de novo those portions of the report to which specific objections have been made, and need not conduct de novo review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).  "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly

and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added).  In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b).  *Attkisson*, 925 F.3d at 625.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
> (2) the amount of prejudice to the defendant caused by the delay;
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted).  These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case.  *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)).  For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal.  *See Ballard*, 882 F.2d at 95–96.

The court has carefully reviewed the Report and agrees with the magistrate judge's conclusion that, in this case, the Rule 41(b) factors weigh in favor of dismissal.  (ECF No. 34 at 3–4).  Finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 34) and incorporates it herein.  Accordingly, for the reasons set forth herein and in the Report, Defendants' motion for dismissal (ECF No. 29) is **GRANTED** and this case is **DISMISSED** without prejudice pursuant to Rule 41(b) for failure to prosecute and to comply with court orders.  The clerk of court shall provide a filed copy of this order to Plaintiff at his last known address.

**IT IS SO ORDERED.**

                                                                                       s/Timothy M. Cain
                                                                                      United States District Judge

April 18, 2022
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.